Filed 11/3/23  In re N.A. CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| In re N.A., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>                v.<br><br> N.A.,<br><br>        Defendant and Appellant. | F086059<br><br>(Super. Ct. No. 22CEJ600414-1A)<br><br>**OPINION** |

### THE COURT[*]

APPEAL from an order of the Superior Court of Fresno County.  Leanne Le Mon, Judge.

Kristen Owen, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

[*]        Before Hill, P. J., Detjen, J. and Meehan, J.

Minor, N.A., appeals from a disposition order adjudging him a ward of the juvenile court, placing him on probation, and committing him to the local juvenile justice campus for 45 days with credit for 30 days served. Minor subsequently violated his probation and the juvenile court removed him from the custody of his parent and committed him to the local juvenile justice campus for 20 days. His counsel on appeal filed a brief that summarizes the case and facts with citations to the record, raises no issues, and asks this court to independently review the record. (*People v. Wende* (1979) 25 Cal.3d 436.) We sent a letter, advising minor of his right to file a supplemental brief raising any grounds he would like this court to consider. Minor did not respond. We have conducted an independent review. Finding that no reasonably arguable legal or factual issues exist, we affirm.

## PROCEDURAL SUMMARY

On January 18, 2023, the Fresno County District Attorney filed a juvenile wardship petition (Welf. & Inst. Code, § 602, subd. (a)) in case No. 22CEJ600414-1A (the 414-1A petition), alleging 12-year-old minor committed second degree robbery (Pen. Code, § 211; count 1).[1] As to count 1, the petition further alleged that a principal in the offense was armed with a firearm (§ 12022, subd. (a)(1).)

On that date, minor was on juvenile probation in relation to a prior wardship petition in case No. 22CEJ600414-1 (the 414-1 petition), also alleging minor committed robbery. Minor was released on probation with a global positioning system monitor on the 414-1 petition. He removed the monitor and failed to appear at his next hearing. He had absconded from probation on the date of the offense alleged in the 414-1A petition.

On January 19, 2023, minor denied the allegations of the 414-1A petition but stipulated that a prima facie showing was made that he was a minor described by Welfare

[1]    All further statutory references are to the Penal Code except as otherwise indicated.

2.

and Institutions Code section 602. The juvenile court found that continuation in the home of the parent was contrary to minor's welfare. It therefore placed minor temporarily in the custody of the probation department to be detained at the juvenile justice campus.

On January 30, 2023, minor admitted count 1 of the 414-1A petition in exchange for dismissal of the firearm allegation and count 1 of the 414-1 petition.

On February 14, 2023, the juvenile court adjudged minor a ward of the court and placed him under the supervision of the probation department, determined that his maximum term of confinement was three years and credited him for 30 days served against that maximum, ordered him to serve 15 additional days in custody at the juvenile justice campus, ordered him to wear a global positioning system monitor for 75 days after his release from custody, ordered him to perform 50 hours of community service, and ordered him to pay restitution in the amount of $100. The court further set the following conditions of probation: among other conditions, do not leave the state without the consent of probation; attend school; obey a 7:00 p.m. to 6:00 a.m. curfew; do not associate with the co-minors involved in the robbery or any other person he knows to be disapproved of by his parent or probation; do not wear or possess gang paraphernalia or obtain gang tattoos; do not contact the victims; do not possess or own weapons; do not use or consume drugs or alcohol; submit to chemical testing and search by probation and peace officers; attend a psychological and substance abuse assessment and treatment program, individual counseling, an aggressive offender program, and wraparound services; do not possess known stolen property.

On March 15, 2023, the juvenile court conducted a violation of probation hearing on the 414-1A petition. Minor admitted having violated probation by failing to abide by the rules of the global positioning system program. The violations were not merely technical violations but hours-long absences. On multiple occasions between March 1, 2023, and March 12, 2023, minor left home without permission of the probation officer,

3.

left home after curfew, and was in areas the probation officer told him were not permitted.[2] The court accepted minor's admission and found the violation of probation true. It noted that minor had violated the terms of the global positioning system numerous times. It then remanded minor to the custody of the juvenile justice campus and set the matter for disposition.

On March 29, 2023, at the recommendation of the probation department and after having heard argument by counsel, the juvenile court reinstated minor on probation, continued him as a ward of the court, and required him to serve an additional 20 days in custody at the juvenile justice campus. The court further granted Welfare and Institutions Code section 786 relief as to the 414-1 petition but denied the same as to the 414-1A petition.

On April 3, 2023, minor filed a notice of appeal. The notice of appeal identifies only the juvenile court's March 29, 2023 refusal to grant a Welfare and Institutions Code section 786 petition as to the 414-1A petition as the basis for appeal.

## FACTUAL SUMMARY[3]

On January 15, 2023, at approximately 12:00 p.m. Fresno police officers were dispatched to southeast Fresno to a report of a robbery. The victim and his friend were drinking alcohol as a group of six males approached them. The victim did not speak English, so he did not understand what they were saying. One of the males pointed a firearm at the victim. The victim raised his hands and two of the males began searching through the victim's pockets. They took his wallet, containing $700, and his cell phone. One of the males was shorter than the other five and appeared to be approximately 12 years old.

---

[2] The probation officer's report reflects minor violated the global positioning system program at least once per day on March 1, 2, 3, 4, 5, 8, 9, 10, 11, and 12.

[3] The factual summary is drawn from the probation officer's report and includes only facts related to the admitted count of the 414-1A petition.

The victim's friend recognized the 12 year old from a nearby apartment complex and knew that he had robbed others in the past. Officers were familiar with minor and showed his photograph to the victim's friend, who identified minor as the shortest of the assailants who he believed to be approximately 12 years old. The victim's friend told officers that minor grabbed the victim by the arm and took his property while another of the males pointed a firearm at the victim.

On January 16, 2023, officers received a call indicating that minor was at a market near the location of the robbery. Officers detained minor and another male at the market. The other male had a replica airsoft firearm in his possession. The victim and his friend were both transported to minor's location and both positively identified minor.

Officers spoke with minor's mother. Minor began crying and said that the other male the officers had detained "did it."

The probation officer discussed minor's offense with him prior to the disposition. Minor reported that he was the lookout during the offense and denied having touched the victim or taken anything from him. Minor indicated that he was not remorseful and did not care about the victim.

## DISCUSSION

Appointed appellate counsel has filed a brief summarizing the facts and proceedings below. She presented no argument for reversal but asked this court to review the record for error as mandated by *People v. Wende*, *supra*, 25 Cal.3d 436.

Our review of the record pursuant to *Wende* has disclosed no reasonably arguable issues on appeal.

## DISPOSITION

The juvenile court's order is affirmed.